*8]    *Joseph Lee *against* John Biddis.

Under the depreciation act, the original source of the demand must be recurred to. On a report under that act, evidence will not be received of the value of the property sold, by the court.

The auditors have full power to make allowance for vexatious conduct in the defendant.

THIS cause had come to trial in September term, 1786, when the plaintiff became nonsuit, part of his evidence having been overruled by the court.

The suit was brought on a bond dated in September 1779, constituted for the payment of 200l. good and lawful money of Pennsylvania, on the 1st August 1782. The bond had been given in part of the consideration of a tract of land which had been contracted for in September 1778, and 1000l. thereof was paid in continental money in the month of October following. Referees had been nominated under the depreciation act who had now reported for the plaintiff 302l. and costs.

A motion had been made for a rule to shew cause why the report should not be set aside, and upon the argument, it was contended, that the referees had varied the original contract between the parties, and had not confined themselves to the scale appropriated by the legislature for settling such contracts during the period of the late war.

On the part of the plaintiff, a witness was offered to shew what was the original agreement and intention of the parties from what passed at, immediately before, and after the execution of the article of agreement and bond, and that the property sold was of much greater value than 1200l. reduced by the scale of September 1778.

This was objected to by the defendant's counsel, who further insisted that the referees had exceeded the original contract of the parties by an allowance of 6 per cent. for the rate of interest, whereas the condition of the bond limited the interest to 3 per cent.; and the case of Cooper *v.* Coates, in the Common Pleas of Philadelphia, was cited as ruled by Mr. Justice Shippen—that, on an obligation conditioned to pay 4 per cent. interest, the interest shall be estimated at the same rate after the day of payment. They also cited the cases of M'Elwaine *v.* Mease; Wharton *v.* Morris *et al.* Dall. 125, and Hollingsworth *v.* Ogle. Dall. 256.

*Per Cur.* This is a case which evidently does not fall within the scale of depreciation. The original source of the demand must be recurred to; for injustice necessarily would be done by reducing the money by the rate of depreciation in September *1779, when the bond was executed. The *9] contract was made the year preceding.

[Lee *v.* Biddis.]

We cannot consistently with law receive evidence of the value of the property sold, because that would tend substantially to vary the agreement of the parties, by making a new contract for them which they had not in contemplation at the time, and would be attended with the most dangerous consequences. But any circumstances which can be shewn to us, indicating the real intention of the parties, and the nature of their agreement, we are bound to receive.

One Peter Thompson, who drew the bond, and the referees, were then examined as witnesses. The court confirmed the report, declaring that the contract was clearly out of the scale. They observed that it had been suggested that more than 3 per cent. interest had been allowed by the referees:—But this did not appear. Nor could the court know on what ground the allowance was made. It might have been on the ground of vexatious conduct on the part of the defendant, and the referees had full power to make the allowance, when settling the matters in dispute upon the principles of equity and good conscience.

Mr. Lewis, *pro quer.;* Mr. Sergeant, *pro def.*